UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against –

ZENON GUZMAN-VARGAS,

Defendant.

08-CR-186

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On May 8, 2009, Zenon Guzman-Vargas pled guilty to the third count of a seven-count superseding indictment. That count charged that between June 2003 and June 2008, Guzman, together with others, within the Eastern District of New York and elsewhere, knowingly and intentionally conspired to distribute and possessed with intent to distribute five kilograms or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841 and 846.

Guzman was sentenced on February 27, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 33 and defendant's criminal history category to be category III, yielding a Guidelines range of imprisonment of between one hundred and sixty-eight and two hundred and ten months. The offense carries a maximum term of incarceration of life imprisonment. 21 U.S.C. § 841(b)(1)(A). The maximum fine is $10,000,000. *See id.*

Guzman was sentenced to time served and to five years of supervised release. A special assessment of $100 was imposed. No fine was ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which Guzman pled guilty is a serious one. Guzman conspired to distribute and possessed with the intent to distribute a substantial amount of illegal narcotics. Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is forty-four years old. He is a citizen of the Dominican Republic. Mr. Guzman's father died when he was young, and he had to leave school and go to work to help support his family. He entered the United States illegally in 1993 for economic reasons and to obtain medication for his mother, who was ill. Before being arrested for the present offense, he held a variety of jobs, working principally in different automobile body shops in New York and Delaware. At present, he has been imprisoned for nearly four and a half years.

A sentence of time served—given the time that the defendant has been in custody—and five years of supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of imprisonment that the defendant has already served. Specific deterrence will be furthered by the time that the defendant has spent in prison to this point as well.

Jack B. Weinstein
Senior United States District Judge

Dated: February 28, 2012
Brooklyn, New York

3