

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JDL:WMN
F.#2007R00845

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

November 28, 2012

**By ECF and Facsimile**
The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Fax: 718-613-2527

        Re:  United States v. Luis Rodriguez-Olivera, et al.
            Criminal Docket No. 08-186 (JBW)

Dear Judge Weinstein:

     The government respectfully submits this letter to advise the Court of a potential attorney conflict of interest in the above-captioned matter.  Specifically, defense attorneys Edward Panzer and George Santangelo currently jointly represent two defendants in this case: Esteban Rodriguez-Olivera, who has pled guilty but has yet to be sentenced, and Luis Rodriguez-Olivera, who made his first appearance and was arraigned on November 9, 2012.  As set forth below, the government advises the Court of these circumstances pursuant to its obligations under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).  See, e.g., United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995).  Moreover, the government requests that the Court appoint Curcio counsel to consult with defendant Luis Rodriguez-Olivera regarding this potential conflict so that he may make an informed decision regarding his representation.[1]  A status

---

[1]  If the Court determines that Luis Rodriguez-Olivera has appropriately waived his rights such that Messrs. Panzer and Santangelo can remain his counsel, the government will request that the Court hold a similar Curcio hearing and appoint Curcio counsel for Esteban Rodriguez-Olivera so that he may consider whether counsel can still adequately represent him in light of their simultaneous representation of Luis Rodriguez-Olivera.

conference is currently scheduled for Friday, November 30, 2012, at 9:30 am.  The government respectfully requests that defendant Luis Rodriguez-Olivera's <u>Curcio</u> hearing take place at this status conference.

I.   <u>Background</u>

The above-captioned superseding indictment charges multiple individuals, including the two defendants noted above, with participating in an extensive international cocaine distribution and money laundering conspiracy.  The conspiracy was led by the two defendants, who operated a Mexican drug cartel known as "Los Gueros."  The cartel's cocaine was supplied by Colombian traffickers.  Through the use of multiple confidential sources, an undercover Drug Enforcement Administration ("DEA") agent, seizures by U.S. Immigrations and Customs Enforcement ("ICE") agents, pen registers and wiretaps, DEA and ICE uncovered a narcotics supply route that originated in Mexico, stretched into Texas, and then branched off to various points within the United States, including New York City and specifically the Eastern District of New York.

The two defendants, who are brothers, were arrested in Mexico and have been extradited to the United States.  Esteban Rodriguez-Olivera was arrested first, approximately three years ago, and retained attorneys Panzer and Santangelo upon his arrival in the U.S. in March 2011.  He pled guilty on November 6, 2012, just three days before Luis Rodiguez-Olivera was extradited.  Luis Rodiguez-Olivera was arrested approximately one year ago, arrived in the U.S. on November 9, 2012, and this upcoming appearance before Your Honor will be his first status conference.

II.  <u>Applicable Law</u>

   A.  <u>Overview</u>

The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel.  <u>See</u> <u>Wood v. Georgia</u>, 450 U.S. 261, 271 (1981); <u>United States v. Perez</u>, 325 F.3d 115, 124 (2d Cir. 2003).  That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing.  <u>See</u> <u>United States v. Jones</u>, 381 F.3d 114, 119 (2d Cir. 2004); <u>United States v. Locascio</u>, 6 F.3d 924, 931 (2d Cir. 1993).  While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict."  <u>Jones</u>, 381

F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).

To determine if the defendant's counsel is burdened by a conflict of interest, the court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994). An actual conflict exits "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted). A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted).

Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right to the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163); see also United States v. Curanovic, 2011 WL 1555075 (E.D.N.Y. April 1, 2011).

"In most cases when a defendant is faced with a situation in which his attorney has an actual or potential conflict of interest, it is possible for him to waive his right to conflict-free counsel in order to retain the attorney of his choice." United States v. Schwarz, 283 F.3d 76, 95 (2d Cir. 2002). However, if the Court finds that a conflict exists, and that "the conflict is of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation . . . the attorney must be disqualified, regardless of whether the defendant is willing to waive his right to conflict-free counsel." Schwarz, 283 F.3d at 95-96. Indeed, it may be an abuse of discretion and reversible error for the Court to accept a defendant's attempt to waive the conflict. See

Levy, 25 F.3d at 153; United States v. Fulton, 5 F.3d 605, 612-14 (2d Cir. 1993).

Thus, "[w]hen a lawyer's conflict, actual or potential, may result in inadequate representation of a defendant or jeopardize the federal court's institutional interest in the rendition of a just verdict, a trial judge has discretion to disqualify an attorney or decline a proffer of waiver." Fulton, 5 F.3d at 612 (citations omitted). The district court enjoys broad latitude to decline a defendant's proffered waiver of conflicted counsel and to disqualify chosen counsel, and the appellate courts will review that decision only for abuse of discretion. See Wheat, 486 U.S. at 163; United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993); Fulton, 5 F.3d at 614.

B.   Joint Representation

Joint representation "brings two constitutional rights into potential conflict: 'the right of a criminal defendant to be represented by counsel of his own choice and the right of such a defendant to counsel whose effectiveness is unimpaired by divided loyalty.'" United States v. Fan, 36 F.3d 240, 248 (2d Cir. 1994)(quoting Curcio, 694 F.2d 14 at 22). "A criminal defendant is free to prefer the right to counsel of his choosing over the right to counsel of undivided loyalty, provided that the choice is 'knowing and intelligent,' a matter which depends upon the facts and circumstances of each case." Fan, 36 F.3d at 248 (quoting Edwards v. Arizona, 451 U.S. 477, 482 (1981)). Nonetheless, as noted above, "the presumption in favor of the defendant's chosen counsel must be weighed against 'the interests of the courts in preserving the integrity of the process and government's interests in ensuring a just verdict and a fair trial.' Moreover, the presumption is 'overcome by a showing of an actual conflict or potentially serious conflict.'" United States v. Salameh, 856 F. Supp. 781 (S.D.N.Y. 1994) (quoting Locascio, 6 F.3d at 931).

C.   Curcio Waiver

If the conflict of interest is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in Curcio. See, e.g., Malpiedi, 62 F.3d at 470; Levy, 25 F.3d at 153; United States v. Iorizzo, 786 F.2d 52, 58-59 (2d Cir. 1986). In summarizing the Curcio procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90. By routinely relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims. See United States v. Jiang, 140 F.3d 124, 128 (2d Cir. 1998).

The need for a Curcio hearing exists regardless of whether a case is disposed of by way of guilty plea or trial. "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel." United States v. Stantini, 85 F.3d 9, 15 (2d Cir. 1996). Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996). Therefore, it necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage. See id. ("'[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.'") (quoting Von Moltke v. Gillies, 332 U.S. 708, 721 (1948) (emphasis added)); see also Stantini, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

III. Discussion

Since attorneys Panzer and Santangelo currently represent two defendants in this matter, a potential conflict of interest exists. Specifically, Messrs. Panzer's and Santangelo's duty of loyalty and confidentiality to either client could impede them from counseling the other as to viable defense strategies, or could hinder them in negotiating a disposition with the government. This may particularly be the case if the government determines that different dispositions or plea offers are appropriate for the two brothers. Similarly, although the government does not anticipate that one defendant would be a witness against the other, it is possible that statements (if

any) of one defendant (or evidence derived from those statements, if any) could be used against the other either in a hearing where first person testimony is not required or in determining potential plea offers. Thus, a <u>Curcio</u> inquiry is necessary.

IV. <u>Conclusion</u>

For the foregoing reasons, the government respectfully requests that the Court appoint <u>Curcio</u> counsel for defendant Luis Rodriguez-Olivera and conduct a <u>Curcio</u> inquiry during the upcoming status conference on November 30, 2012.

    Respectfully submitted,

    LORETTA E. LYNCH
    UNITED STATES ATTORNEY

By: /s/_____
    Walter M. Norkin
    Assistant U.S. Attorney
    (718) 254-6152

cc: Edward Panzer, Esq. (By ECF)
    George Santangelo, Esq. (By ECF and email)